|  |  |
|---|---|
| ) | **United States District Court** |
| JoAnn Piphus ) | **Northern District of Illinois** |
| William Piphus, et al ) | |
| Plaintiffs ) | |
| v. ) | |
| City Of Chicago of ) | 1:12-cv-07259 |
| Chicago Police Department, ) | Judge Judge John F. Grady |
| Rahm Emanuel, Mayor ) | Magistrate Judge Jeffrey T. Gilbert |
| Garry F McCarthy ) | |
| Officer Karyn Gross ) | **Demand for Jury Trial** |
| Officer Valdez, ) | |
| Officer Dennis Brown ) | |
| Detective Little ) | **RECEIVED** |
| Sergeant Yvonne Terry ) | SEP 1 1 2012 |
| Defendants ) | 9-11-12 ea |
|  | THOMAS G. BRUTON |
|  | CLERK, U.S. DISTRICT COURT |

**Complaint**

**I. Jurisdiction and Venue**

1.) Plaintiffs believe this court has venue for this case in pursuant to:

2.) A.) Procedural Due Process..............14th Amendment; 435 US §247,

42 USC§§1983, 1985((3) and 1986

3.) B.) Freedom of Expression ...............1st, 4,th, 5th and14th Amendment

4.) C.) Equal/ Civil Rights...4th, 5th, 8th, 18 USC§ 241, 242,245, 28 USC§ 1343

42USC §1981

5.) D.) The Causes of Action the Plaintiffs alleged are the facts from

allegations occurring in this Northern District of Illinois.

**6.)    E.) All Parties in this petition resides inside the State of Illinois**

**7.)    F.)  The amount of this controversy is over $75,000.**

## II.   Introduction

8.)    This action arises under the First, Fourth, Fifth, Eighth and Fourteenth

Amendments to the United States Constitution; under federal law, specifically, 42

U.S.C. §§ 247, 1983, 1985 (3) and 1986, 18 USC§ 241, 28 USC§ 1343 under Federal

and State Laws for intentional and/or negligent infliction of emotional distress ,

negligence, negligent supervision, gross negligence, false imprisonment, false arrest,

failure to implement policy, customs and practices,  and civil conspiracy.

While the individual Defendants were acting in the scope of their employment and

under color of state law, defendants made an unlawful interrogation, arrest of Plaintiff

(minor "Pxx") that resulted in false arrest, false imprisonment and false prosecution,

intimidation against the Plaintiff (s) "Pxx".  The Defendants' actions caused injury

severe emotional distress to Plaintiffs.

 Action is also brought against the City of Chicago for its failure to properly train and

supervise the individual Defendants in the proper use of procedures, proper dispatch

policy, and its establishment of policies, procedures, practices, and customs regarding

arrest when dealing with juveniles in a school setting.

### III. Parties

**A.) Plaintiffs:**

9.)      JoAnn Piphus, Chicago, Illinois is Parent of "Pxx".

10.)     William Piphus, Chicago, Illinois is Parent of "Pxx".

11.)     Pxx (minor), Chicago, Illinois

**B.) Defendants:**

12.)     Rahm Emanuel, Mayor – City of Chicago

13.)     Garry F McCarthy, Superintendent –Chicago Police Department

14.)     Police Officer Karyn Gross, Chicago Police Department

15.)     Police Officer Valdez, Chicago Police Department

16.)     Police Officer Dennis Brown, Chicago Police Department

17.)     Detective Little, Chicago Police Department

18.)     Police Officer Sergeant Yvonne Terry, Chicago Police Department

### IV.  Facts:

19.)  On Monday, March 26, 2012, strangers walked into King College

Prep High School located at 4445 S. Drexel, Chicago., IL. from off the street.

20.)  The strangers made  allegations that a student from the school (Plaintiff "Pxx")

had assaulted their (child) at a party  on the previous Saturday night,  March 24, 2012

at Leo High (A Private High School) located at 7901 S. Sangamon, Chicago, Ill.,

**Page 3**

and they wanted to press charges.

21.)    The adults stated they had the evidences because on his/her (Plaintiff "Pxx") Twitter's page he/she stated, "we beat that girl down" and had "taken pictures" of their (child) " blood" on the gymnasium's floor and posted on the page."

22.)    The school, allowed Officer Gross, to go and remove "Pxx" from classroom without notifying parents and without Chicago Public School personnel being present.

23.)    Officer Gross and Officer Valdez interrogated Plaintiff without placing a call to the parents and without Chicago Public School personnel being present.

24.)    "Pxx" asked to call her parents and was denied by Officers Gross and Valdez, knowing that the accusers entered the school to press charges upon "Pxx".

25.)    Mr. and Mrs. Piphus received a call from the school (Ms. Khan Assistant Principal) regarding pornography on Twitter Page, after ten minutes of discussing this issue she stated that someone wanted to press charges against "Pxx".

26.)    Mr. and Mrs. Piphus rushed up to the school only to find out that "Pxx" had been and still was being interrogated by Officer Gross and Officer Valdez.

27.)    Ms. Khan took us to see Officer Gross in her assigned space within the school.

28.)    Officer Gross explained that the parents wanted to press assault charges.

29.)    Officer Gross (Officer Valdez was also present) brought all parties (parents and minor-accusers) Mr. and Mrs. Piphus and Minor "Pxx" into the room.

30.)    In the presence of all parties the minor accuser stated that she did not see "Pxx" hit or kick her, but she saw her face while looking up from the ground (outside Leo High- party cancelled and everyone put out of gymnasium)as she was beaten.

31.)    Officer Gross explained that "Pxx" was being charged because on her Twitter page she stated that "we beat that girl good" (never stating a name). (There were more than five fights at Leo High School) Joanna explained that she was trash talking to get more followers to come to her twitter account and to not look like a lame. Officer Gross said, because she had "taken pictures" of blood from gymnasium's at Leo High School's floor (later proven pictures came from others Twitter account) and the statements she made on her web site –" she is guilty".

32.)    Officer Gross asked the parents "do you still want to press charges" and the parents stated "Yes."

33.)    Officer Gross then told Mr./ Mrs. Piphus and "Pxx" to leave the room so that she could take the statement with accurers and file charges pending the arrest of "Pxx".

34.)    Officer Gross called us back in the room after the accusers had left and told us that "she was going to do us a favor" by not arresting "Pxx" on Monday, March 26, 2012.

35.)    Officer Gross told us to go home and "not allow "Pxx" to come to school and wait until Tuesday March 27, 2012, to wait at home until she calls," then

bring "Pxx" up to the school to be arrested.

36.) On Tuesday, March 27, 2012 at approximately 10:00 am, Mr./ Mrs. Piphus

received a phone call from Officer Brown and was instructed to bring "Pxx" to school

for the arrest.

37.) At approximately 11:00 am we arrived at King College Prep for the arrest out of

fear that if we did not, things would be worse for "Pxx".

38.) Mr. / Mrs. Piphus tried to reason with Officer Gross regarding "Pxx" being

railroaded into the arrest, whereas Officer Gross became upset and stated that she

could make things worse by sending her to juvenile court which would drag out the

process and require a lawyer to get "Pxx" out of Juvenile Court.

39.) Officer Gross repeatedly, in the presence of Officer Brown told "Pxx" to

state the name of her "Twitter" account, "Chubby Baby; sub title Kiss My Pink Box",

to further humiliate "Pxx."

40.) Officer Gross then told Mr./ Mrs. Piphus to leave the building, go home or to the

Juvenile Intervention and Support Center (JICS), located at 3900 S. California Avenue

and wait for her to call, while she had "Pxx" processed (arrested).

41.) Officer Gross "expressively" instructed Mr./ Mrs. to wait in the parking lot at

the juvenile center and "that we could not wait in the building."

42.) At no time in Mr. / Mrs. Piphus presence did Officer Gross nor did Officer Brown

read "Pxx" her Miranda Rights.

43.) After two hours, Mr. / Mrs. Piphus received a call from Officer Gross stating that we could pick her up at the Juvenile Center on 39th and California.

44.) Detective Little, who issued the Informal Juvenile Adjustment, with no signatures or Miranda Rights checked on form, explained that the case against "Pxx" "was weak due to accuser changing her story, and that Officer Gross had lost her mother and was probably having a bad day."

45.) After picking "Pxx" from the center, Mr./ Mrs. Piphus asked her if either Officer Gross or Officer Brown, the transport Officers or Police Officer who placed her in handcuffs, or Detective Little (Juvenile Center) or any Police Officer had read the Miranda rights and "Pxx" response was "No".

46.) From that point until today "Pxx" has nightmares and feels that after telling the truth to Officer Gross and not being the one who assaulted the accuser that Police Officers in the City of Chicago cannot be trusted and her parents can no longer protect "Pxx".

47.) "Pxx and Mr./ Mrs. Piphus feels the humiliation of the false arrest in front of "P"s peers, handcuffed, charged and found guilty all within a twenty-four period to be cruel and unusual punishment.

A.)    "Pxx" Profile        (See Exhibit 1 Profile):

B.)    Arrest Report        (See Exhibit 2)

48.)    Action is brought against the City of Chicago: Chicago Police Department for its

failure to properly train and supervise the individual Defendants in the proper use of

techniques used when dealing with minors in their care, to properly dispatch policy,

failure to follow established policies, procedures, practices, and customs regarding

arrests that result in minors being charged with a crime within the City of Chicago.

49.)    Plaintiffs charges further that the City of Chicago of failure to discipline train

and control its Police Officers in the line of duty.

50.)    Defendant City of Chicago is a municipal corporation, duly incorporated under

the laws of the State of Illinois, and the employer and principal of Defendants at the

time of incident.

51.)    We, the parents and Plaintiffs of minor "Pxx" believe that gross negligence

occurred   before, during and after the arrest of "Pxx"; reasonable care was not

provided thereby causing irreparable injury whether intentional and/or negligent,

infliction of emotional distress, conversion,  negligence, absent of customs, negligent

supervision, gross negligence, including false imprisonment and/or false arrest and /or

unlawful arrest, malicious prosecution and civil conspiracy to the plaintiffs.

Page 8

52.)    Plaintiffs allege Defendants' misconduct and improper treatment in applying the law caused injuries to the Plaintiffs.

53.)    Therefore, the Plaintiffs come before these courts humble with a plea for legal justice.

54.)    The Plaintiff believes and is informed that our rights are protected under the law and enforceable by the law, without reservations.

55.)    Our pleas to the defendants that the actions that were being taken, at the time, against minor "Pxx" were erroneous and unlawful;

56.)    Worse yet, Plaintiffs allege the Defendants ignored their pleas for legal justice and willfully proceeded in violating the rights of "Pxx" and the parents were under threat of - that even greater harm would prevail if we did not go along with the Defendants' course of actions;   (See Exhibit 2 ). Police Report

57.)    Further, we the Plaintiffs initially asked the defendants at time of incident (under date of incident):

> "What were the current established procedures to address –when
>    a stranger walks into a school from off the street and states that
>    a student has violated the  law, the  allege act happened off campus
>    and wants to press charges against a student?"

Page 9

58.) The Plaintiffs allege that the Defendants evasiveness to provide an answer cannot be simply ignored and the application of the *gray area* cannot be explained to fit, nor be applied.

59.) Plaintiffs allege if there is no Standard Operating Procedure in place, then the existing law must be supreme and takes on precedent as the applicable law to engage this incident, "Pxx"; the application of law must be:

### To Protect the Minor (First)

60.) The Plaintiffs allege and asked, "What other rights do juveniles have when they are under arrest or before being interrogated about the alleged offense?"

61.) Chicago Police Officers Defendants did not follow the law or establish procedures regarding minors as established under the Illinois Juvenile Justice System, thereby not proceeding with the application of due process and providing equal protection to "Pxx" as prescribed by law for a protected group; the causable action was further irreparable injuries to the Plaintiffs.

62.) We the Plaintiffs charge that the City of Chicago, Rahm Emanuel as Mayor, through its agency and management, mainly the Chicago Police Department with the leadership of Garry F. McCarthy, Superintendent, Chicago City Council as Governing Board, its Officers, Administrators and employees with powers of control must be held accountable for their actions that violate or break the law.

Page 10

63.) As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs sustained severe mental pain; and suffering; and injury in an amount that will be established at trial.

64.) Plaintiffs are entitled to compensation for the constitutional harm that all Defendants, City of Chicago and the specified Officers of the Chicago Police Department intentionally inflicted harm upon Plaintiffs, including severe injuries.

## V. Causes of Actions
## <u>COUNT I</u>

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

64.) *Plaintiffs re-allege and by referencing to the allegations in paragraphs 1-64 of this Complaint.*

65.) In committing the acts in the complaint, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right of freedom of speech and freedom of expressions; b) the right not to be deprived of liberty without due process of law; c) the right of innocent until proven guilty under due process of the law; d) the right to be free from false arrest, false imprisonment, intimidation, and false prosecution by persons acting under color of state law.

66.)    In violating Plaintiffs' rights as stated above, defendants acted under color of state law and conducted an unauthorized, warrantless arrest of Plaintiff "Pxx". The illegal and warrantless arrest set in motion the violation of Plaintiffs' rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution.

67.)    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged by Plaintiff's.

68.)    As a direct and  result of the violation of Plaintiff's constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

## Count II
### Violation of Civil Rights Pursuant to Title 14th Amendment; 435 US§§247
### (Procedural Due Process)

69.)    *Plaintiffs re-allege by reference the allegations in paragraphs 1-64 of this Complaint.*

70.)    Plaintiffs allege that Officer Gross, by removing parents during arrest, failed in her duties, by not reading plaintiff(s) Miranda rights as required by law thereby failing the very basic standard procedural due process.

71.)    Defendant Gross, in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiffs by her malicious and wanton disregard for Plaintiffs' protected rights.

72.)    The conduct of Officer Gross and the other Defendants, under the color of law, either with the specific intent to violate the Plaintiffs' civil rights or with a reckless

**Page 12**

disregard of the probability of facts for innocent or truth caused severe emotional distress to the Plaintiffs, and Plaintiffs are entitled to compensatory and punitive damages.

## Count III

### Violation of Civil Rights Pursuant to Title 18, U.S.C., Section 241, 42 USC 1983
### (Civil Conspiracy)

73.) *Plaintiffs re-allege by referencing the allegations in paragraphs 1-64 of this Complaint.*

74.)    The Plaintiffs allege City of Chicago with its duly sworn Police Officer Gross, Police Officer Valdez, Police Officer Brown, Detective Little, Officer Evonne Terry, each and as a group conspired in the execution of their official duties, used actions that caused plaintiffs irreparable injuries, while each had the power to prevent harm, under customs or by procedures or by law.

75.)    Plaintiffs alleged that Sergeant Terry, as Supervisor of Officer Gross, by being informed, harmed and inflicted pain and suffering by only taking the allegations of violation of due process seriously, only after a complaint was filed with the Independent Police Review Authority, thereby previously conspiring with other defendants' parties fortified the injuries to plaintiffs.

76.)    Plaintiff allege Officer Valdez's, under the color of law, pivotal position was silence and only to respond to restrain plaintiff (Mr. Piphus) when plaintiff asked questions or when sought the facts, thereby causing the plaintiff emotional harm by being unable to defend nor protect his family from this type of onslaught of injustice.

77.)    The Plaintiffs are charging Defendant Dennis Brown, Patrol Officer under the color of law and principal under the City of Chicago conspired by being informed,

heard and saw fellow Officer Gross misconduct and intent, had the legal power to prevent causable harm, but rather knowingly affixed his signature as testimony on arrest report without any knowledge of what transpired the previous day; he was not present on Monday March 26, 2012, date of incident.

78.) The Plaintiffs are alleging that through the "code of silence", the Chicago Police Department has conspired to deny Plaintiffs a copy of the report from Officers Gross and Brown by giving Plaintiffs a copy of the original police report which does not have Officers Gross nor Officer Brown name attached, or any documentation of the incident, interrogation and other facts, even though the arrest was initiated by the Defendants and as a result continued to harm Plaintiffs.

79.) The Defendants present or actions involving aforementioned incident participated in a common design through a concert of action to protect fellow Officer Gross, by making overtly false statements in their reports regarding the circumstances surrounding the Plaintiff "Pxx's" incident.

80). In committing the aforementioned acts, each Defendant directly and proximately injured, damaged, libeled, and caused emotional distress to the Plaintiffs.

## Count IV

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

81.) *Plaintiffs re-allege by referencing the allegations in paragraphs 1-64 of this Complaint.*

82.) Plaintiffs alleged that the City of Chicago, with its Mayor, has a duty, vision and contingency to ensure that the rights of minors , in the care of the Chicago Police Department with Police Officers, under the leadership of Garry F McCarthy on Public School grounds should have created a concise and specific set of rules, policies and

tactical agenda regarding strangers entering the school to press charges against a Chicago Public School student.

83.)    Plaintiffs allege that the City of Chicago, by allowing Police Officers to be placed within the Chicago Public Schools, have created a Police State within the schools, which is not governed by any prescription of the laws or bona fide judicial prudence as governance and no true ramification for actions lawfully; The absent of transparent policies and the lack evenly applied controls has caused severe long term emotional distress to the Plaintiffs, and Plaintiffs are entitled to compensatory and punitive damages.

## Count V

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (False Arrest)

84.)    *Plaintiffs re-allege by referencing the allegations in paragraphs 1-64 of this Complaint.*

85.)    Plaintiffs allege and charge that Officer Gross causable actions were to falsely imprison, intimidate, improperly detained, humiliate and to harm Plaintiffs.

86.)    Plaintiffs allege that Defendant Gross had falsely imprisoned and improperly detained with a deliberate indifferent for the truth, for the rights or protection of Plaintiffs and the application of law by disregarding the accusers' statement "I never saw Plaintiff "Pxx" kick or hit me", in the presence of parents, Mr. and Mrs. Hudson, in the presence of plaintiffs , and Officer Valdez.

87.)    In committing the acts stated in complaint, Defendant Officers Gross, Valdez and Brown  acted under color of state law by falsely arresting and detaining the Plaintiffs with no basis in fact or law to do so.

Page 15

88.) In violating Plaintiffs' right to be free from false arrest, the Defendants violated Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

89.) As a direct and proximate result of the violation of Plaintiff's constitutional right to be free from false arrest by the Defendants, Plaintiffs suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## Count VI

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (False Imprisonment)

90.) *Plaintiffs re-allege by referencing the allegations set forth in paragraphs 1-64 of this Complaint.*

91.) Plaintiffs allege and charge that Defendants causable actions were to falsely imprison, intimidate, improperly detained, humiliate and to harm Plaintiffs.

92.) Plaintiffs allege that Officer Gross, with full knowledge that the Hudson's (parents of accuser) were there at King College Prep to file charges, did not follow the laws regarding the interrogation and arrest of minor as stated by the Illinois Juvenile Justice System.

93.) As a direct and proximate result of the false imprisonment by the Defendants, Plaintiffs suffered serious mental injuries and long-term severe emotional distress.

94.) Plaintiffs charge that the Defendants are liable to the Plaintiffs for false imprisonment.

## Count VII

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Gross Negligence)

95.)    *Plaintiffs re-allege by referencing the allegations set forth in paragraphs 1-64 of this Complaint.*

96.)    Plaintiffs allege that Defendants had falsely imprisoned and improperly detained with a deliberate indifference for the truth, for the rights or protection of Plaintiffs and the application of law by disregarding the accusers' statement "I never saw Plaintiff "Pxx" kick or hit me", in the presence of her parents, Mr. and Mrs. Hudson, in the presence of plaintiffs , and Officer Valdez.

## Count VIII

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Negligence)

97.)    *Plaintiffs re-allege by referencing the allegations set forth in paragraphs 1-64 of this Complaint.*

98.)    Plaintiffs allege that Officer Gross allowed the parents of the accuser to dictate police policy by asking them if they wanted to press charges even though the accuser, their daughter said she did not see Plaintiff hit or kick her in the presence of Plaintiff and Officer Valdez and Mr/Ms Piphus.

99.)    Each Defendant owed Plaintiffs a legal duty to use due care or the duty to prevent aforementioned incident.

100).   In committing the acts, each Defendant negligently breached their duty to use due care, which resulted in the injuries and damages to the Plaintiffs.

Page 17

## Count IX

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Supervisor Negligence)

101.) *Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.*

102.) The Plaintiffs are charging that Detective Little, under the color of law and principal under the City of Chicago by conspiring after being informed, did not perform her duties by dismissing the charges filed by fellow Officer Gross, and having the legal power to prevent causable injuries, but rather knowingly issued to plaintiff an incomplete and unsigned informal adjustment with no signatures as well as not reading or stating Miranda rights to Plaintiff "Pxx".

103.) In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly resulted in the injuries and damages to Plaintiffs as alleged.

## Count X

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §§1983, 1981
### (Emotional Distress)

104.) *Plaintiffs re-allege by referencing the allegations set forth in paragraphs 1-64 of this Complaint.*

105.) Plaintiffs allege that Officer Gross humiliated and harmed plaintiffs by requesting that we bring Plaintiff "Pxx" back to King College Prep, during school hours, the following day, to be arrested (which Plaintiffs complied out of fear that additional harm would come), while telling parents to vacate the school premises to

Page 18

await a phone call, not to go to Juvenile Intervention and Support Center (JICS) , if we went to the center sit to outside in the parking lot and wait for call at the same time telling Plaintiffs that she (Officer Gross) could make things worse by giving her to the Juvenile Court System if we continued to complain about the arrest of Plaintiff "Pxx."

106.) If it so warranted an arrest, Plaintiffs were seeking an opportunity for common decency to delivery "Pxx" to the juvenile detention center as responsible parents and not in the harmful way in which defendants demanded.

107.) Plaintiffs allege that after thoroughly questioning Plaintiff "Pxx", with no parent, and no Chicago Public School employee present, and gathering all necessary details about the alleged incident at Leo High School regarding who actually attacked the Hudson's daughter, Officer Gross, further humiliated and harmed Plaintiff "Pxx" by allowing the real attackers to not be charged or questioned and prematurely halting an otherwise ongoing or active investigation into revealing true perpetrators.

108.) Plaintiffs allege and charge that Defendant Gross actions were to deliver brutal mental suffering, fear and shame to Plaintiffs and show omnipotent powers of her job as a Chicago Police Officer, which was hurtful and caused irreparable injury to Plaintiffs' "Pxx" respect of authority for the Chicago Police Department.

109.) In committing acts each Defendant negligently breached their duty by the intentional inflection of emotional distress, which directly resulted in more severe emotional distress injuries to Plaintiffs as alleged.

## Prayer for Relief

**A.)** The Plaintiffs pray that all records with regard "Pxx"s arrest, be expunged or destroyed so by the order of the court.

Page 19

B.) The Plaintiffs are requesting that as a result this attack on Plaintiff's "Pxx"'s present and future well being, that a full college scholarship fund be constructed by the defendants, on behalf of "Pxx", to help underline and drive "Pxx" innocence request toward future success.

**Damages:**

1.)   We are asking the court for amount of controversy to be 2.5 million dollars (Protected) in relief as result of the devastating impact and to measure or correct past, present and future behavior.

2.)   Plaintiffs are asking for the relief for restitution of administrative costs and any and all associate costs in relationship to this petition.

3.)   The Plaintiffs are asking that any findings or matters of facts or matters of law be incorporated in this petition for and as relief.

4.)   The Plaintiffs are asking all severe medical be provide rather past, present or future.

D.)   Finally, the Plaintiffs allege and are informed that Defendants and counsels may come and answer with a motion to dismiss, under the disguise of pretentious intent or with faults within this pleading; and the response is simply that the plaintiffs sworn no absolute expertise of law, but without help come humbly before the court seeking only real justice.

E.)   We, the plaintiffs argue for judicial prudence of the court and not allow motion, but rather to allow the plaintiffs to be heard, for the court to correctly balance the letter of the law and speak law facts with volume.

F.)   A jury for the trial of this matter.

We, the plaintiffs have petitioned this court with the truthfulness of facts against defined and charged Defendants; our allegations are serious and our harm is real; and we place mercy, prayer and with God Speed that judgment is favorable and final.

**Therefore, the Plaintiffs affix their signatures to this petition without reservations and with good faith:**

1.) _William Piphus_    dated _9/11/2012_

2.) _JoAnn Piphus_    dated _9-11-2012_

3.) _"Pro" (se)_    dated _9/11/2012_

**William Piphus and JoAnn Piphus**

**7624 S. Lafayette Chicago, Illinois 60620**

**773-483-0335**

55.) **Concludes.**      **Page 21**



1
2
3
**EXHIBIT 1**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Profile

"Pxx"

As the Parent's of Joanna Piphus, we have attempted to develop a positive and righteousness of character to define our daughter. We have, over the last fifteen years, worked continuously to instill the positive values of right/ wrong, family and God. Our grand strategy for our daughter's future was to craft an academic scholar to measure both our knowledge and over the objections of our own limitations to allow her to have the tools of chance for the many possibilities in life. Thus, we firmly believed, quite possible, through academic excellence. From the time of kindergarten to high school, straight A and Valedictorian, we have carefully measured and controlled a positive path and will continue to do so.

To highlight this commitment and achievement, we are presenting a recent school's project assignment completed by Joanna on "Employment and Resume Building" to profile Joanna and who she really is and the milestones purported.

This is what this incident is attempting to take away or
destroy and is as follows:

# Resume

### Joanna Piphus

7624 South Lafayette
Chicago, Illinois 60620
Phone: 1773-483-0335
Young.scholar@yahoo.com

**Professional Objective:** To Become a Science College Professor

**Work History**
- Studying
- Completing Assignments
- Home Chores

**Education:**

High School Current GPA 3.71                    Class Rank 23 /271  Percent: .08


08/-09-06/11 University Of Chicago Charter School     Graduate:  Diploma June 10, 2011
                                                                 ** Valedictorian**

Turner Drew Language Academy                        August 2008 - June 2009
Arthur Dixon Elementary School                      September 2003 - June 2008


**Activities:**
- Volleyball
- Swimming
- Media Club
- Yearbook
- Track


**Interests:**
- Graphic Design
- Science/Technology
- Salem Youth Ministry

**Experience:**

Word Processing: I can utilize Microsoft Word, Microsoft Excel, and Powel Point.

Photoshop: I design pictures and posters using Photoshop for family, friend, and events.
Community Service: I passed out food at Evangelic Ministry Church and participated in the Chicago
Food Depository Walk for Hunger

**Achievements:**

**Certificates:**

2012    Second Place Winner in City of Chicago - *Black History Month Essay Competition 2012: King College
Prep High School.  Sponsors:  American Bottling Group, Roosevelt University and Chicago Public Schools CPS
            Rewards:  Plaque, camera and photo printer*

2011    Completion: Awarded   University of Chicago Charter School -        **Diploma** * June 2011
            Plaque: **Valedictorian ** University of Chicago Woodlawn 2011

2010   PRESIDENT'S EDUCATION AWARDS PROGRAM - PREESIDENT'S AWARD FOR EDUCATOINAL
EXCELLENCE   "In *recognition of OUTSTANDING ACADEMIC EXCELLENCES*"        notes:  8th Grade  (Gold)
            Accompany Metals...
- University of Chicago Torch Awards Medal
- University of Chicago A Honor Roll Awards Medal

2010/  PRESIDENT'S EDUCATION AWARDS PROGRAM - PREESIDENT'S AWARD FOR EDUCATOINAL
EXCELLENCE
2009        "In *recognition of OUTSTANDING ACADEMIC EXCELLENCES*"        notes: 7th Grade (Silver)

        Accompanying Metals:
- University of Chicago Torch Medal 2010-2009 T2
- University of Chicago Torch Medal 2010-2009 T3
- Principal Scholar Honor Roll Medal 2010-2009 T1
- Principal Scholar Honor Roll Medal 2010-2009 T2
- Principal Scholar Honor Roll Medal 2010-2009 T3
- Science Fair Medal of Achievement 2009

2010   CHICAGO PUBLIC SCHOOLS – STUDENT SCIENCE FAIR INC.
        *"PRESENTS THIS CITATION – IN RECOGNITON OF SCIENTIFIC ABILITY AND PERFORMANCE: WATERWHEEL
        PADDLE"*

        ACCOMPANYING:
- Ribbon of Excellence

        **Dixon Elementary School**

**Certificates:**
- Science Fair Achievement Certificate          2008
- Honor Roll Certificate                        2008
- Perfect Award Certificate                      2008
- Certificate Service Award "Pennies for Patients  Campaign"   2008

- Perfect Attendance — 2007
- Bestowed Science Achievement Certificate — 2007
- Principal's Award of Outstanding Achievement — 2007
- Engineer Science Certificate — 2006
- Haiku Festival 2006 Recognition Certificate — 2006
  for Poetry written by Joanna Piphus
- Principal's Award of Outstanding Achievement — 2006
- Outstanding Student of Month Certificate — 2006/2005
- Principal's Award of Outstanding Achievement — 2005
- Honor Roll "A" Certificate — 2005
- Certificate of Citizenship - Student of the Year — 2005
- Honor Roll Certificate — 2004

**Trophies**

- Honor Roll 3rd Marking Period — 2007-2006
- Principal's Award Academic Achievement — 2007-2008
- Science Fair 1st Place — 2007-2008
- Science Fair 3rd Place — 2005-2006
- DES Perfect Attendant Award — 2007-2008
- Honor Roll 4th marking period — 2004-2005
- Principal's Award "A" Honor Roll — 2006-2007
- DES 3rd marking "A" Honor — 2007-2008
- Certificate for Perfect Attendances — 2005-2006
- Principal's Apple Achievement Award — 2006-2007

**Medals**

- Flaming Achievement Medal — 2003-2004
- Science Fair Achievement Medal — 2008-2009
- Reaching for the Stars Medal — 2005-2006
- Drum Corps Medal — 2007-2008
- Citizens Medal — 2007-2008
- "A" Honor Roll Medal — 2007-2008
- Music Mastery Medal — 2006-2007
- Genie Achievement Medal — 2004-2005
- Honor Roll Medal — 2003-2004

**Plaques**

- Science Fair 1st Place — 2007-2008
- Special Recognition – Achievement — 2003-2004
- Special Recognition – Achievement — 2004 -2005
- 3rd Place Science Fair — 2005- 2006

- Principal's Apple Award        2004 -2005

**Ribbons**
- 1st Place Volleyball      2007-2008
- 2nd Place Relay      2005-2006
- 1st Place   Relay      2005-2006
- 1st Place    Relay      2005-2006
- 4th Place   Relay      2005-2006
- 3rd PLACE DES Science Fair    2005-2006

**Tuner Drew Language Academy**
- Certificate of Honor Roll "A/B"    2009
- Certificate of Honor Roll "A/B"    2008
- Certificate of Achievement JA    2009
- Certificate Global Marketplace    2008

**<u>Preschool</u>**

- Certificate of Fun – Spelling Bee   2002

- Certificate of Fun – Spelling Bee   2001


**\*\*\*\***


      How do you amend a culture that was built upon "officer friendly;" where respect and help were clearly defined; and where the greatest memories were receiving coloring books from police officers? Have we painted a picture of a ghetto mentality; is our daughter the "hood rat" that some now say she is; and is she the "low class whore" that others are now professing she is? Peer pressure is a searing force. Worse is there nothing you can do about it. Character assassination is worse yet – you are left to live with it unabated and so surreal and it hurts.

                                   Parents'
                                   we pray

**EXHIBIT 2**

**Chicago Police Department - Incident Report**

RD #: HV213479

## SUSPECTS

## RELATIONSHIP

| (Victim) | | is a | No Relationship of | ( Offender )<br>**UNK FEMALE** |
| (Victim) | | is a | No Relationship of | ( Offender )<br>**OFFENDER(S)-NO DETAILS** |

## DOMESTIC INFO

## OTHER

Miscellaneous

Victim Information Provided

Flash Message Sent ? No

## NARRATIVE

EVENT 01389 IN SUMMARY, UPON ARRIVAL TO [redacted] HOSPITAL [redacted] (VICTIM) RELATED THAT AFTER A VERBAL ALTERCATION, THE UNKNOWN FEMALE OFFENDER SHOVED HER TO THE GROUND AND BEGAN HITTING HER ABOUT THE FACE A BODY WITH HER FISTS AND FEET. OTHER OFFENDERS THEN JOINED IN. [redacted] (VICTIM) DID NOT KNOW THE OFFENDER. [redacted] (VICTIM) IS EXPECTED TO BE TREATED AND RELEASED FOR HER INJURRIES.
REPORTING OFFICER - STAR#: NAME: KENNEDY BEAT: 0434R

## PERSONNEL

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 1226 | [redacted] | KAPA, Christoph, J | [redacted] | 25 Mar 2012 05:17 | 004 | |
| Detective/Investigator | 21198 | [redacted] | LAZZARA, Steven, J | [redacted] | 26 Mar 2012 09:21 | 620 | |
| Reporting Officer | 16016 | [redacted] | CHRISTENSEN, Amy, C [redacted] | | 25 Mar 2012 03:08 | 004 | 0434R |

**CHICAGO POLICE DEPARTMENT**

# ORIGINAL CASE INCIDENT REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(5/03)-C)

RD #: **HV213479**

EVENT #: 1208501389

Case ID: 8536700    CASR229

ASSIGNED & SENT

| | |
|---|---|
| IUCR: | 0460 - Battery - Simple |

| | | | |
|---|---|---|---|
| Occurrence Location: | 7901 S Sangamon St | Beat: 0621 | Unit Assigned: 0434R |
| | Chicago IL | | RO Arrival Date: 25 March 2012 02:35 |
| | 299 - School, Private, Grounds | | # Offenders: 1 |
| Occurrence Date: | 24 March 2012 23:00 | | |

ARRR222 

**CHICAGO POLICE DEPARTMENT**
Bureau of Investigative Services / Youth Investigations Group
3510 South Michigan Avenue/Chicago, IL 60653

Page 1 of 1



**INFORMAL STATION ADJUSTMENT**

CPD-24.137 (3/99)

| Y# : | CB # : 18372433 | RD # : HV213479 | [ ] *Override* |
|------|-----------------|-----------------|----------------|

*Name :* **PIPHUS, JOANNA**          *Sex :* **FEMALE**    *Race :* **BLACK**          *DOB :* 02-MAR-1997

*Address :*  7624 S LAFAYETTE AVE  CHICAGO  IL 60620                    *Phone :*  7734830335

*Charges :*  **BATTERY - CAUSE BODILY HARM**                    [  ] *MCC*  [X] *Misdemeanor*  [  ] *Felony*

*Override:* *Youth Div Supervisor :*                              *ASA :*

*Dist. Of Arrest :* **002**          *Arresting Officer(s) :* **GROSS, KARYN / BROWN, DENNIS**

[  ] *Miranda Warnings Administered*    [  ] *Previous History Attached*

*Summary :* M/R arrested for battery. Inf. Released to parent.

| *Felony:  Formal Adj:* 0    *Informal Adj:* 0 | *MDM  Formal Adj:* 0    *Informal Adj:* 0 | *Total:* 0 |
|---|---|---|

**SPECIFIC CONDITIONS HEREIN IMPOSED**

*Informal Adjustment Begins :*                              *Informal Adjustment Terminates:*

If Minor refuses to or fails to abide by the conditions of this Informal Station Adjustment, the Youth Investigator may impose a Formal Station Adjustment or refer the matter to the State's Attorney's Office.

       I understand and fully agree to the terms and conditions described above.

*Signature of Minor:* _____          *Date :* _____

*Parent/Guardian :* _____          *Signature :* _____

*Address :* _____          *Phone :* _____

*Father :* **PHIPUS, WILLIAM**     *Address :* 7624 S LAFAYETTE AVE  CHICAGO IL 60620    *Phone :* 773-483-0335

*Mother :* _____     *Address :* _____          *Phone :* _____

*Youth Investigator :* _____     *Unit :* _____     *Supervisor :* _____

*Signature :* _____          *Signature :* _____

*Informal Station Adjustment Completed:* [  ] *Successfully* [  ] *Unsuccessfully*   *Date Adjustment Violated :* _____

*Conditions Violated .*

*Youth Investigator :* _____     *Unit :* _____     *Date :* _____

ARRR222



**CHICAGO POLICE DEPARTMENT**
Bureau of Investigative Services / Youth Investigations Group

3510 South Michigan Avenue/Chicago, IL 60653

**INFORMAL STATION ADJUSTMENT**



Page 1 of 1

CPD-24.137 (3/99)

| Y# : | CB # : **18372433** | RD # : **HV213479** | [ ] *Override* |
|---|---|---|---|

*Name :* **PIPHUS, JOANNA**          *Sex :* **FEMALE**     *Race :* **BLACK**          *DOB :* **02-MAR-1997**

*Address :* **7624 S LAFAYETTE AVE  CHICAGO IL 60620**          *Phone :* **7734830335**

*Charges :* **BATTERY - CAUSE BODILY HARM**          [  ] *MCC*   [ X ] *Misdemeanor* [  ] *Felony*

*Override : Youth Div Supervisor :*          *ASA :*

*Dist. Of Arrest :* **002**          *Arresting Officer(s) :* **GROSS, KARYN / BROWN, DENNIS**

[  ] *Miranda Warnings Administered*   [  ] *Previous History Attached*

*Summary :* **M/R arrested for battery. Inf. Released to parent.**

| *Felony:* Formal Adj: **0** | *Informal Adj:* **0** | *MDM* Formal Adj: **0** | *Informal Adj:* **0** | *Total:* **0** |
|---|---|---|---|---|

**SPECIFIC CONDITIONS HEREIN IMPOSED**

*Informal Adjustment Begins :*          *Informal Adjustment Terminates:*

If Minor refuses to or fails to abide by the conditions of this Informal Station Adjustment, the Youth Investigator may impose a Formal Station Adjustment or refer the matter to the State's Attorney's Office.

        I understand and fully agree to the terms and conditions described above.

*Signature of Minor :* _____          *Date :* _____

*Parent/Guardian :* _____          *Signature :* _____

*Address :* _____          *Phone:* _____

*Father :* **PHIPUS, WILLIAM**          *Address :* **7624 S LAFAYETTE AVE  CHICAGO IL 60620**          *Phone :* **773-483-0335**

*Mother :* _____          *Address :* _____          *Phone :* _____

*Youth Investigator :* _____          *Unit :* _____          *Supervisor :* _____

*Signature :* _____          *Signature :* _____

*Informal Station Adjustment Completed:* [  ] *Successfully* [  ] *Unsuccessfully*   *Date Adjustment Violated :* _____

*Conditions Violated :*

*Youth Investigator :* _____          *Unit :* _____          *Date :* _____