United States District Court for
the Northern District of Illinois Eastern Division

| | |
|---|---|
| JoAnn Piphus<br>William Piphus, et al., | ) <br> ) Case 1-12-CV-07259<br>)<br>) Honorable Judge<br>) Sharon Johnson Coleman |
| Plaintiffs. | |
| vs. | |
| City of Chicago<br>Chicago Police Department<br>Rahm Emanuel, Mayor<br>Garry McCarthy, Supt. of CPD<br>Officer Karen Gross<br>Officer Valdez<br>Officer Dennis Brown<br>Detective Little<br>Sergeant Yvonne Terry | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

FILED

MAY 1 7 2013 mA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Motion for Default Judgment and Judgment

Plaintiffs, Joann and William Piphus, et al., move this Court in pursuant to [FRPC Rule 55a] and [54c] to enter default judgment against Defendants as fact in [Rule 1]. [Kingvision Pay –Per-View vs. Niles 150. Supp.2d. 188, 190 (D.M. 2001]. <u>Again</u>, Plaintiffs' asks Defendants for answer and proof of service for May 13, 2013, as instructed and ordered by court to answer or defend Plaintiffs Complaint.

## Defendants:

City of Chicago, Mayor Rahm Emanuel, Supt. Gary McCarthy, Officers Valdez, Karyn Gross, Dennis Brown, Sgt. Terry, Detective Little.

## BACKGROUND

Plaintiffs, Joann and William Piphus, et al., move this Court in pursuant to [FRPC Rule 55a] and [54c] to enter default judgment against Defendants as fact in [Rule 1]. [Kingvision Pay –Per-View vs. Niles 150. Supp.2d. 188, 190 (D.M. 2001].

Defendants' were instructed by this Court to reply by May 13, 2013 to Plaintiffs complaint. Defendants had a fiduciary responsibility to answer Plaintiffs. Defendants did not formally motion with any answer to set aside move to entry of default judgment. Therefore, Plaintiffs assert the Court to move to default judgment and judgment, an abstention would simply delay and deny an adjudication to protect the Plaintiffs' rights, absence of relief.

## STANDARD OF REVIEW

Defendants may come and tempt this Court again with dismissal of Plaintiffs complaint. Plaintiffs argue this Court not to tolerate further willful and egregiously disrespect for the Court's procedures. As pro se Plaintiffs', with constant criticism of our litigating skills, which was established in the original pleading, does the Court allow abuse of Pro Se Plaintiffs because Attorneys for the Defendants feel they have no obligation to follow the rules because of Plaintiffs attempt to represent themselves in Court.

The purpose of default judgments is to protect a diligent party, "lest he be faced with interminable delay and continued uncertainty as to his rights" whenever "the adversary process has been halted because of an essentially unresponsive party." The theory behind default judgments is that, by its failure to timely answer, the defaulting party implicitly "admits the cause of action is valid, admits [it] has no defense, and consents to suffer judgment." When these presumptions turn out to be inaccurate, the default judgment stands as a penalty for the

party's failure to comply with the procedural rules and deadlines to answer, [ A.F Livermore Corp. v. Aktiengesellschaft Gebruder Loepte, 432 F. 2d 30,31,32 (D.C Cir. 1970)]*

As held in [Irwin v. DoVA, 498U.S. 89, 96 (1990)]*, the Court has "generally been much less forgiving in receiving late filings where the... (Defendants) failed to exercise due diligence in preserving... Defendants' legal rights (to plead or defend complaint)". The usual consequence of the failure to file an action within a period prescribed by a statute of limitations, however, is dismissal, in this case to final judgment, [Ibid, 96]. In [Link v. Wabash RR 370§ 626,633-634 (1962)]* in essence stated that just as [Rule 12] is 'popular able', [Rule 55] must be permitted to be tolled as equally 'fashionable' by [Rule 1], and vested at [Rule 2] to reach constitutional relief as [Rule 54(c)].

Plaintiffs argue the Defendants' failure at Standard of Alertness is held by 'bar' at a higher level of expertise and care than pro se. The Law imposes a duty on Defendants to act with care as fiduciary to Plaintiffs' complaint. The duty of care by actions of commissions or by omissions. Defendant continues to cause harm and mental injuries by any furtherance in delay of process in the [Rules of Laws], absence of relief.

Still yet, the Defendants may again attempt to comfort the Court with the essentials in [Rule 60]. However, Plaintiffs contend Defendants has already causes of action is tort against the very [Rules of Federal Procedures]. Plaintiffs contend and move the Court in what has been held, [Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)]*, the denial of motion to set aside a default judgment, that "the court ought not (to) reopen a default judgment simply because a request is made by the defaulting party." Rising from precedent, [Ledwith v. Storkan 2 FRD 539,594 (D. Neb. 1942)]*, the Court denied a motion to set aside a default judgment, finding

that "(t)he vacation of a default judgment duly entered without fraud or overreaching, is not an action which the court should take arbitrarily or as a courtesy or favor to the losing party."

Plaintiffs contend the Court's denials to set aside Default Judgment is to shock and realign past, present and future behaviors to the [Rules of Law], the essentials of the constitution, procedural process of Justice as a column principle and focus United States of America citizenship's well being. "Further, the possibility of a Default Judgment may act as a deterrent to potentially slipshod… (Defendants,) and defending parties." [A.F Livermore Corp.]*.

## CONCLUSION

Plaintiffs' true contentions were to maintain vigilance with the proper executions for pleading, summons, and affidavits with timely actions that were aligned to the [Federal Rules of Civil Procedures]. Plaintiffs' argue legal claims as facts against Defendants' causes of action. Plaintiffs' argue the causable actions by the Defendants' repeated failures to answer complaint are severe and the Plaintiffs' pains and injuries are real, in absence of relief.

## CERTIFICATE OF SERVICE
**Motion for Default Judgment and Judgment**

I certify that true copies of this document were sent on
May 17, 2013, to Defendants' Counsels via USA mail.

| | |
|---|---|
| City of Chicago<br>Attorney:<br>Mr. Brendan Moore,<br>Asst. Corp. Counsel<br>30 N. La Salle Street<br>   Suit 900<br>Chicago, Illinois   60602 | City of Chicago<br>Attorney:<br>Ms. Mary McDonald<br>Fed. Civil Rights Litigation<br>30 N. La Salle Street<br>   Suite 900<br>Chicago, Illinois   60602 |

_____ Dated May 17, 2013
JoAnn Piphus

_____ Dated May 17, 2013
William Piphus, et al.

JoAnn Piphus and William Piphus 7624 South Lafayette Chicago, Il. 60620 (773) 484-0335