**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOANN PIPHUS, WILLIAM PIPHUS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO POLICE DEPARTMENT, ) <br> RAHM EMANUEL, Mayor, GARRY ) <br> McCARTHY, OFFICER KARYN GROSS, ) <br> OFFICER VALDEZ, OFFICER DENNIS ) <br> BROWN, DETECTIVE LITTLE, SERGEANT ) <br> YVONNE TERRY, ) <br> ) <br> Defendants. ) | No. 12 cv 7259 <br><br> Judge Sharon Johnson Coleman |

**<u>Memorandum Opinion and Order</u>**

On September 12, 2012, JoAnn Piphus, William Piphus, and "Pxx" (a minor) filed a Complaint against the City of Chicago Police Department, Mayor Rahm Emanuel, Superintendent Garry F. McCarthy, Chicago Police Officers Karyn Gross, Valdez, Dennis Brown, Detective Little, and Sergeant Yvonne Terry (collectively "defendants"). The complaint alleges violations of the *First, Fourth, Fifth, Eighth*, and *Fourteenth Amendments* of the U.S. Constitution pursuant to 42 U.S.C. §§ 1983 and 1985. Defendants move to strike in part and dismiss in part the complaint. More specifically, defendants request that this Court direct plaintiffs to clarify the real party in interest, dismiss the City of Chicago Police Department, Mayor Emanuel, and Superintendent McCarthy, strike all references to the *First, Fifth, and Eighth Amendments*, strike Count I as redundant, confusing and irrelevant, and dismiss Counts II-X. For the reasons stated below, this Court grants in part and denies in part defendants' motion.

1

**Background**

The allegations in the complaint stem from an incident that occurred on March 26 and 27, 2012. On March 26, 2012, the minor plaintiff and child of JoAnn and William Piphus who is referred to in the Complaint as "Pxx", was at King College Prep High School, where Pxx was a student, when "strangers" entered the school. The adult "strangers" accused Pxx of assaulting their child at a party on the night of March 24, 2012, at Leo High School and expressed their intent to press charges. The "strangers" claimed that Pxx's Twitter page stated that Pxx had "beat that girl down" and posted pictures of their child's blood on the gymnasium floor. King College Prep allegedly allowed Chicago Police Officer Gross to remove Pxx from class without notifying Pxx's parents and without the presence of Chicago Public School personnel. Officers Gross and Valdez proceeded to interrogate Pxx. When Pxx asked to call her parents, Officers Gross and Valdez denied her request.

Mr. and Mrs. Piphus arrived at the school after receiving a telephone call from the Assistant Principal. Officer Gross and Officer Valdez were still interrogating Pxx when her parents arrived. The Assistant Principal took Mr. and Mrs. Piphus to the room where the police were questioning Pxx. At that point, Officers Gross and Valdez brought Mr. and Mrs. Piphus, Pxx, the "minor-accuser," and the parents of the accuser into the room. The "minor-accuser" stated that, while she had not seen Pxx hit or kick her on the night of March 24, she saw Pxx's face as she looked up from the ground as she was beaten. Officer Gross allegedly stated that Pxx was being charged with assault because of the content of her Twitter page, which made "[her] guilty." Pxx explained that she was merely "trash talking" to solicit more followers for her Twitter page. The complaint further alleges that the pictures depicting blood were later proven to

have come from another Twitter account. After the "accusers" filed charges against Pxx, Officer Gross informed Mr. and Mrs. Piphus and Pxx that Pxx's arrest would occur at King High School.

On March 27, 2012, at 10:00 a.m., Mr. and Mrs. Piphus received a phone call from Officer Brown instructing them to bring Pxx to King College Prep for the minor's arrest. The plaintiffs arrived at the school approximately one hour later. Officer Gross informed Mr. and Mrs. Piphus to return home or to wait in the parking lot outside of the Juvenile Intervention and Support Center while Pxx was processed and arrested. The complaint alleges that Pxx was not read her *Miranda* rights at any time during this encounter.

After two hours, Officer Gross contacted Mr. and Mrs. Piphus to inform them that they could pick Pxx up at the Juvenile Intervention and Support Center at 3900 S. California Avenue. Detective Little issued the "Informal Juvenile Adjustment," which did not bear any signatures or indicate that *Miranda* rights had been administered. Detective Little allegedly informed Mr. and Mrs. Piphus that "the case against Pxx was weak due to accuser changing her story, and that Officer Gross had lost her mother and was probably having a bad day." Pxx informed Mr. and Mrs. Piphus when they picked her up from the Juvenile Center that none of the arresting officers had administered *Miranda* warnings. As a result of these events, plaintiffs allege that Pxx has nightmares and feels that the Chicago Police Department cannot be trusted nor can Mr. and Mrs. Piphus protect her. Plaintiffs further allege that they feel humiliated by Pxx's false arrest at school.

**Legal Standard**

The basic pleading requirement is set forth in *Federal Rule of Civil Procedure* 8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff

3

to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). However, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

### *I. Order to Clarify the Complaint*

Defendants request that the Court direct plaintiffs to clarify who is the real party in interest. Defendants argue that the complaint is unclear as to whether William Piphus, JoAnn Piphus, and their minor child Pxx, *each* seek to be named as individual claimants for *all* counts, or whether William and JoAnn Piphus bring the action on behalf of Pxx. In order to bring individual claims, defendants argue that each plaintiff must show "injury in fact" in order to have standing. Otherwise, if Mr. and Mrs. Piphus are asserting the claims on behalf of Pxx, they must comply with Federal Rule of Civil Procedure 17(c) by making clear that they are named in the complaint only because Pxx does not have the capacity to sue as a minor. In response, plaintiffs assert that they "are all proper parties with standing to bring their claims."

Although defendants do not specifically request clarification pursuant to the Federal Rules of Civil Procedure, their request is essentially a motion for a more definite statement of the complaint pursuant to Rule 12(e). *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonable prepare a response.") The court should grant a motion for a more definite statement only when the movant can show that additional information is essential to enable preparation of a response. *United States ex rel. Argyle Cut Stone v. Paschen Contractors*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

4

In order to maintain individual standing in federal court, claimants are required to show they suffered an "injury in fact." *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218 (1974). Such injury in fact must be "concrete and particularized," thus a showing of abstract injury is not sufficient to meet the requirements of standing. *Id.* at 219; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While litigants in federal court have a statutory right to proceed *pro se* and Rule 17(c) allows a guardian to sue on behalf of a minor, a non-lawyer parent may not proceed *pro se* on behalf of a child under Rule 17(c). *McPherson v. School Dist. No. 186*, 32 Fed. App'x 769, 769 (7th Cir. 2002); Fed. R. Civ. P. 17(c). Minors have no "true choice" to appear *pro se* and are therefore entitled to trained legal assistance so that their rights are protected. *Id.* (quoting *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990)). Where a non-lawyer parent bring claims as *pro se* litigants on behalf of his child and himself, courts should dismiss any claims pertaining to the minor without prejudice and only consider those pertaining to the parent. *See Smith ex rel. Smith v. Smith*, 49 Fed. App'x 618, 620 (7th Cir. 2002); *Mannix v. Humer*, No. 10 C 5063, 2011 WL 116888, at *2–*3 (N.D. Ill. Jan. 11, 2011).

Here, plaintiffs are *pro se*. Mr. and Mrs. Piphus are Pxx's parents. The complaint does not differentiate between the plaintiffs for any harm allegedly suffered. Because plaintiffs are litigating this case without counsel on their own behalf and/or on behalf of Pxx, this Court must dismiss the allegations pertaining to Pxx without prejudice. Moreover, the complaint as written does not specify which causes of action relate to each plaintiff or how each plaintiff has individually suffered an "injury in fact" due to defendants' actions. Such information is essential to defendants' preparation of a response to the complaint as well as the Court's disposition of the

claim. This Court grants defendants' request for clarification based on the ambiguity of the claims in addition to the fact that Pxx is a minor and her parents are *pro se.*

## II. *Dismissal of Chicago Police Department, Mayor Rahm Emanuel, and Superintendent Garry McCarthy*

Defendants request that this Court dismiss from the complaint the Chicago Police Department because it is not a suable entity. Defendants also seek dismissal of Mayor Emanuel and Superintendent McCarthy due to their solely supervisory role. This Court grants the request and dismisses those parties.

The Chicago Police Department is merely a department of the City of Chicago without its own separate, legal existence. *Gray v. City of Chicago*, 159 F. Supp. 2d. 1086, 1089 (N.D. Ill. 2001). Therefore, the Court will dismiss the Chicago Police Department from the complaint because the Chicago Police Department is not a suable entity separate from the City of Chicago.

Defendants argue that Mayor Emanuel and Superintendent McCarthy should be dismissed because supervisory employees may only be held vicariously liable under 42 U.S.C. § 1983 for the misconduct of their subordinates where the supervisors are personally involved, such as acting knowingly or with deliberate indifference toward the misconduct. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiffs respond that these "[d]efendant officials are being brought before this court in their official capacities **only**[.]" However, a claim filed against an official in her official capacity is actually a claim filed against the government entity. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). Thus, where the claimant also files against the government entity, the claim against the official is redundant and should be dismissed. *See Levin v. Madigan*, 679 F. Supp. 2d 958, 973–74 (N.D. Ill. 2010); *Chandler v. Bd. of Educ. of City of Chicago*, 92 F. Supp. 2d 760,

764 (N.D. Ill. 2000); *Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 991 (N.D. Ill. 1998). Accordingly, defendants Emanuel and McCarthy are dismissed.

### *III. Motion to Strike*

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, motions to strike are disfavored as they often serve to delay the proceedings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Anderson v. Bd. of Educ. of City of Chicago*, 169 F. Supp. 864, 867 (N.D. Ill. 2001). However, motions to strike may also expedite the proceedings by removing unnecessary clutter from the complaint. *Heller Financial Inc.*, 883 F.2d at 1294. In order to strike matter from the pleading, a court must find that the matter clearly has no possible bearing on the subject matter of the litigation and its inclusion would prejudice the moving party. *Anderson*, 169 F. Supp. at 867–68. Prejudice to the moving party results where the matter "has the effect of confusing the issues or . . . is so lengthy and complex that it places an undue burden on the responding party." *Id.* at 868.

Defendants move to strike all references to the *First, Fifth,* and *Eighth Amendments* as not cognizable under the circumstances. Alternatively, defendants argue that plaintiffs cannot proceed on a *Fifth Amendment Due Process* claim because that clause applies only to federal officials. Plaintiffs did not address defendants' argument in their response. In their complaint, plaintiffs allege that defendants deprived them of constitutionally protected rights under the *First, Fifth,* and *Eighth Amendments*. They assert such rights as "the right of freedom of speech and freedom of expressions," "the right not to be deprived of liberty without due process of law," and the right to be free from "cruel and unusual punishment." Regarding "cruel and unusual punishment," the complaint specifically alleges that "the false arrest in front of 'P's [sic] peers,

7

handcuffed, charged and found guilty all within a twenty-four [hour] period [constitutes] cruel and unusual punishment."

While notice pleading under Rule 8(a) is liberally construed, plaintiffs must still identify the grounds upon which their claim is based. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991). Although plaintiffs assert a *First Amendment* claim based upon the *Freedom of Speech Clause*, it is unclear from the complaint the grounds upon which plaintiffs base the claim. While the complaint alleges that Pxx's Twitter account was the supposed basis of the accusation made against Pxx, nothing in the complaint suggests that defendants infringed plaintiffs' right to free speech. Because this allegation amounts to an "unadorned" accusation without factual basis and it will only confuse the issues, the Court strikes all references to the *First Amendment* in the complaint.

Plaintiffs also assert violations of their rights under the *Fifth Amendment Due Process Clause* and the *Eighth Amendment Cruel and Unusual Punishments Clause*. The *Fifth Amendment Due Process Clause* protects individuals from deprivations caused by the federal government. *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). Here, plaintiffs brought suit against state government entities and officials. When the alleged deprivations occur at the hands of state officials, like the Chicago Police officers here, relief must be sought under the *Fourteenth Amendment*, through the statutory mechanism of Section 1983. *See, e.g., Anderson v. Luther*, 521 F. Supp. 91, 96 (N.D. Ill. 1981). Therefore, this Court strikes all references to the *Fifth Amendment* and proceeds, treating this as a suit alleging violations of the *Fourteenth* rather than the *Fifth Amendment*. *See Jackson v. Elrod,* 655 F. Supp. 1130, 1133–34 (N.D. Ill. 1987).

The Court also strikes from the complaint all references to the *Eighth Amendment*. The *Cruel and Unusual Punishments Clause* protects individuals already convicted of crimes, and thus claims arising under the *Eighth Amendment* apply "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Here, there are no allegations in the complaint showing that Pxx was convicted of a crime following a criminal prosecution to support an *Eighth Amendment* claim.

Defendants also move to strike Count I as redundant and confusing. The Court has stricken all references to the *First, Fifth*, and *Eighth Amendments* in plaintiffs' complaint as set forth above. Thus, the remainder of Count I contains only allegations under the *Fourth* and *Fourteenth Amendments*. Plaintiffs have alleged false arrest and deprivation of due process under the *Fourteenth Amendment* elsewhere in the complaint. While these claims may be redundant, it is unlikely that the inclusion of Count I prejudices defendants because Count I is neither lengthy nor complex. Therefore, the Court denies defendants' motion to strike Count I.

### IV. Motion to Dismiss Counts II-X

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 678 (2009). Motions to dismiss are decided solely on the face of the complaint and any attachments that accompany it. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Thus, when ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*1. Count II*

Defendants argue that this Court should dismiss Count II because plaintiffs' procedural due process claim fails as a matter of law. A plaintiff may bring a § 1983 action for violation of procedural due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). However, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Id.* (emphasis in original). Thus, a violation of procedural due process requires that the plaintiff show that the process provided by the State that effectuated the deprivation was constitutionally inadequate. *Id.* at 126.

Here, Count II of the complaint alleges that plaintiffs' due process rights under the *Fourteenth Amendment* were violated when "Officer Gross . . . failed in her duties, by no[t] reading plaintiff(s) Miranda rights as required by law thereby failing the very basic standard procedural due process." Plaintiffs further allege that Officers Gross and Valdez interrogated Pxx without contacting Mr. and Mrs. Piphus, and without school personnel present. Defendants argue that even if *Miranda* warnings were required upon Pxx's arrest, there was no violation of procedural due process because plaintiffs did not allege that Pxx's statements given in violation of *Miranda* were admitted against Pxx in a criminal trial.

In *Miranda v. Arizona*, the U.S. Supreme Court held that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during the interrogation . . . [and] of the right to remain silent and that anything stated can be used in evidence against him." 384 U.S. 436, 471 (1966). This rule that the Supreme Court created in order to safeguard the *Fifth Amendment* right against self-incrimination is applied to state action through the *Fourteenth Amendment*. *Malloy v. Hogan*,

378 U.S. 1, 6 (1964). The Supreme Court held in *Chavez v. Martinez* that a violation of the Self-Incrimination Clause based on the failure to provide *Miranda* warnings only occurs where the defendant's statements during the interrogation are admitted against the defendant at trial. 538 U.S. 760, 770-73 (2003).

However, where the statements obtained through a coercive confession in the absence of *Miranda* warnings are not introduced at trial, the claimant may still seek relief under the *Fourteenth Amendment Due Process Clause*. *Id.* at 773. In making such a claim, only "deprivations of liberty caused by 'the most egregious official conduct . . . may violate the Due Process Clause.'" *Id.* at 774 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). In *Chavez,* police questioned the plaintiff without issuing *Miranda* warnings while he was being treated for gunshot wounds. *Id.* at 764–65. Nevertheless, the Supreme Court held that police did not violate the plaintiff's right against self-incrimination because his statements were never used against the plaintiff in a criminal trial. *Id.* at 772–73. The Court further held that no violation of the defendant's *Fourteenth Amendment* due process rights occurred because the officer's conduct was not "egregious" or "conscience shocking." *Id.* at 774.

Count II of plaintiffs' complaint fails to state a claim for a due process violation based on a lack of *Miranda* warnings because there are no allegations that Pxx has been criminally prosecuted or that any statements made during the interrogation were used against Pxx at trial. Plaintiffs' claim also fails to allege sufficiently egregious conduct to state a claim under the *Fourteenth Amendment Due Process Clause*. Plaintiffs allege only that Pxx was questioned by police without Mr. and Mrs. Piphus being present or school personnel. In the context of a criminal case, factors that include the youth of the claimant, the length of police detention, the failure to send for her parents, the failure immediately to bring him before the judge of the

Juvenile Court, the failure to see to it that he had the advice of a lawyer or a friend, may all combine to indicate that the formal confession on which his conviction may have rested was obtained in violation in violation of due process. *Gallegos v. Colorado,* 370 U.S. 49, 55 (1962). Therefore, Count II is dismissed without prejudice.

*2. Count III*

Defendants move to dismiss Count III because plaintiffs' fail to plead sufficient facts establishing a civil conspiracy claim under 42 U.S.C. § 1983, and, alternatively, that the claim is barred by the intra-corporate conspiracy rule. In response, plaintiffs include additional facts relating to an incident that occurred three weeks after the alleged arrest and involved Officer Gross's minor child who attended the same school as Pxx. However, a plaintiff may not amend a complaint through arguments made in a brief and therefore this Court cannot consider those facts as part of the pleading. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011).

Whether a complaint alleges civil conspiracy under § 1983 depends on whether the facts show an agreement between the defendants. *Kunik v. Racine County, Wisconsin,* 946 F.2d 1574, 1580 (7th Cir. 1991). A plaintiff bringing a claim of civil conspiracy pursuant to § 1983 need not allege an overt act to make the claim actionable. *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). In *Kunik,* the Seventh Circuit outlined four prerequisites for the existence of a civil conspiracy under § 1983: (1) an agreement; (2) where the agreement is not overt, the alleged facts must sufficiently raise an inference of mutual understanding; (3) acts performed by co-conspirators are adequate when they would not likely have been undertaken absent an agreement' and (4) a "whiff" of the alleged conspirators' assent must be apparent from the

complaint. *Kunik*, 946 F.2d at 1580. To survive dismissal, allegations need only be "reasonably specific as to time, location, and even scope." *Id.* at 1581.

Here, the allegations are reasonably specific as to time and location. Plaintiffs allege that the interrogation and arrest of Pxx occurred on March 26-27, 2012, at both King College Prep High School and the Juvenile Intervention and Support Center. The complaint also alleges that the defendant police officers acted with a "common design through a concert of action to protect fellow Officer Gross, by making false statements in their reports regarding the circumstances surrounding Pxx's "incident." Thus, the complaint contains more than conclusory allegations of civil conspiracy.

Nevertheless, under the intra-corporate conspiracy doctrine, a conspiracy cannot exist as a matter of law solely between the members of the same entity. *Payton v. Rush-Presbyterian-St.Luke's Medical Center,* 184 F.3d 623, 632 (7th Cir. 1999). In *Payton,* the Seventh Circuit held that a complaint alleging civil conspiracy between supervisors and subordinates of the same corporate entity should be dismissed for failure to state a claim for which relief may be granted. *Id.* at 632-33. The doctrine also extends to claims against individual members of a single government entity. *Wright v. Illinois Dep't of Children & Family Servs.,* 40 F. 3d 1492, 1508 (7th Cir. 1994). Exceptions to the intra-corporate conspiracy doctrine include claims that "'the conspiracy was part of some broader discriminatory pattern . . . or that it in any way permeated the ranks of the organization's employees.'" *Id.* (quoting *Hartman v. Bd. of Tr. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 470–71 (7th Cir. 1993)).

Although the Seventh Circuit has held that the doctrine applies to § 1985 claims against government entities, that court has not yet applied the doctrine in § 1983 cases. However, many judges in this district have extended the doctrine to § 1983 claims. *See Tabor v. City of Chicago*,

10 F. Supp. 2d 988, 994 (N.D. Ill. 1998) (collecting cases). In *Wright v. Illinois Dep't of Children & Family Servs.*, for example, the court held that the doctrine applies where the "wrongful conduct was performed within the scope of the conspirators' official duties." *Id.* The court also applied to doctrine to dismiss the plaintiff's claim of civil conspiracy under § 1983 because the plaintiff alleged a conspiracy only between employees of the City of Chicago and the conspirators' ability to injure the plaintiff stemmed solely from their position as official employees of the City. *Id.*

Like the claim in *Wright*, here, plaintiffs' claim of civil conspiracy is directed only at employees of the same government entity. All of the defendant officers engaged in the conspiracy are employed with the Chicago Police Department and as such are employees of the city. Further, the co-conspirators' actions alleged in the complaint were all derived from their official duties as Chicago Police officers and they were acting within the scope of their employment during the alleged incident. Furthermore, there are no allegations supporting a broader conspiracy within the Chicago Police Department or the City of Chicago. This Court finds the intra-corporate conspiracy rule bars plaintiffs' civil conspiracy claim under § 1983.

*3. Count IV*

Count IV of plaintiffs' complaint alleges that the City of Chicago "should have created a concise and specific set of rules, polices and tactical agenda regarding strangers entering the school to press charges against a Chicago Public School student" and that the absence of these policies has caused "severe long term emotional stress to the Plaintiffs," thus violating their civil rights under § 1983. The defendants assert that the claim embodies a *Monell* claim against the City of Chicago and as such fails to state an actionable claim because the complaint fails to

14

allege any established procedure, practice, or custom that has caused constitutional injury, or even what that injury may be.

In *Monell v. Dep't of Social Servs. of City of New York*, the Supreme Court held that a government entity may be sued under § 1983 only when the government's policy or custom inflicts the injury. 435 U.S. 658, 694 (1978); *see also Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). The Seventh Circuit has explained that "[t]he existence of a policy that caused a plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some policy must be pled." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

Here, the complaint fails to state a claim of action against the City of Chicago for municipal liability under § 1983. Rather than allege facts indicating some government policy, the complaint alleges the absence or failure to implement a policy as the driving force behind the claim. Further, the complaint also fails to allege any facts that would show that any of the defendant officers were vested with final policymaking authority. This Court therefore dismisses Count IV without prejudice.

*4. Count V and Count VI*

Count V of the complaint alleges that defendant Officer Gross disregarded the accuser's statement "I never saw 'Pxx' kick or hit me" and thus falsely arrested and detained "the plaintiffs with no basis in fact or law to do so." Count VI of the complaint alleges that defendants improperly imprisoned and detained plaintiffs and "did not follow the laws regarding the interrogation and arrest of minor as stated by the Illinois Juvenile Justice System." Plaintiffs also allege that Officer Gross arrested Pxx on March 27, 2012 at King College Prep High School after the "accuser's" parents reported the contents of Pxx's Twitter page and that Officer Gross

15

detained Pxx at the Juvenile Intervention and Support Center for two hours before Mr. and Mrs. Piphus picked her up. Defendants argue that this Court should dismiss Counts V and VI because the complaint does not allege which plaintiff was arrested and imprisoned, how they were restrained, where the false imprisonment occurred, or "any further specific allegations that would adequately put defendants on notice so that they may frame a proper response."

In order to state a claim for false arrest and detention under § 1983, the plaintiff must allege sufficient facts showing that he was subject to a warrantless arrest that was also unreasonable due to lack of probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 547–48 (N.D. Ill. 2011). The existence of probable cause to arrest bars a § 1983 claim. *Morfin*, 349 F.3d at 997. In *Ibarra v. City of Chicago*, the court considered whether the plaintiff's complaint alleged facts sufficient to state a claim for false arrest and detention under § 1983. 816 F. Supp. at 547–49. The complaint alleged that the plaintiff was wrongfully arrested and detained for causing damage to an SUV that allegedly ran the plaintiff over while he was riding his bicycle. *Id.* at 549. The complaint further alleged that the plaintiff and witnesses reported to the police that the plaintiff was a victim of a hit-and-run and that the driver of the SUV was the only source of information that was used in the arrest. *Id.* The court held that the complaint sufficiently stated a claim for false arrest and detention. *Id.* The court reasoned that the complaint did not make clear that the officers knew at the time of arrest that the plaintiff had committed a crime for which they had probable cause to arrest him. *Id.* The court further reasoned that although some facts alleged in the complaint tended to suggest the existence of probable cause, those facts did not give rise to an "impenetrable defense" to the § 1983 claim such that the plaintiff did not allege facts giving rise to plausible relief. *Id.*

16

Although plaintiffs' complaint does not specify the alleged facts of the unlawful arrest and detention in Counts V and VI, the complaint does specify the facts surrounding the arrest elsewhere. The complaint alleges that Officer Gross arrested Pxx on March 27, 2012 at King College Prep High School and that Pxx was held at the Juvenile Intervention and Support Center for at least two hours until Mr. and Mrs. Piphus retrieved Pxx from the Juvenile Center. Further, the complaint alleges that the arrest occurred "with no basis in law or fact to do so" because Officer Gross disregarded the accuser's statement that "I never saw Plaintiff 'Pxx' kick or hit me." While there are no facts in the complaint showing arrest or detention of Mr. and Mrs. Piphus, drawing all reasonable inferences in favor of plaintiffs, the facts alleged state a plausible right to relief under § 1983 for the arrest and imprisonment of Pxx. Although, as in *Ibarra*, the complaint may suggest the existence of probable cause, it is not a complete bar to plaintiffs' claim at the pleading stage. This Court therefore denies defendants' motion to dismiss this count as to Pxx.

     *5. Counts VII, VIII, IX, and X: State Law Tort Claims*

Counts VII, VIII, IX, and X of the complaint allege violations stemming from gross negligence, negligence, supervisory negligence, and intentional infliction of emotional distress. Defendants argue these counts should be dismissed because, as state tort claims, these claims cannot be pursued under § 1983. The Defendants further argue that the counts should be dismissed because the Illinois Tort Immunity Act grants them qualified immunity from tort liability where the injury claimed is the result of a discretionary act.

The State tort claims in Counts VII, VIII, IX, and X, arise from the same set of facts as the federal constitutional claims. A district court may exercise supplemental jurisdiction over a state claim where, as here, the state and federal claim "derive from a common nucleus of

17

operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Therefore, the Court may exercise supplemental jurisdiction over the tort claims embodied in Counts VII, VIII, IX, and X. *See* 28 U.S.C. § 1367(a).

The Illinois Tort Immunity Act provides immunity as an affirmative defense. *See Lonzo v. City of Chicago*, 461 F. Supp. 2d 661, 664 (N.D. Ill. 2006). Generally, a plaintiff need not anticipate or negate affirmative defenses in a complaint. *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). However, a plaintiff may plead himself out of court where his complaint "admits all the elements of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). The Tort Immunity Act provides that, "a public employee serving in a position involving ... the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of discretion even though abused." *See* 745 Ill. Comp. Stat. 10/2-201 (West current through P.A. 98-21 of the 2013 Reg. Sess.). This provision does not protect public employees whose acts were based on "corrupt or malicious motives." *Youker v. Schoenenberger*, 22 F.3d 163, 168 (7th Cir. 1994). A plaintiff must plead facts showing that the alleged public employees acted with such motives in order to survive a motion to dismiss. *Id.*; *see Lonzo v. City of Chicago*, 461 F. Supp. 2d 661, 665 (N.D. Ill. 2006) (denying defendant's motion to dismiss plaintiff's tort claim based on the Illinois Torts Immunity Act where the plaintiff alleged that he was discharged by the defendant because of his race and out of personal animosity towards him). Here, however, plaintiffs fail to allege facts that would tend to show that defendant officers acted out of "corrupt or malicious motives" during the alleged incident. Thus, Counts VII, VIII, IX, and X are barred by the Torts Immunity Act.

**Conclusion**

For the reasons stated herein, defendants' Motion to Strike and Dismiss is granted in part and denied in part. Plaintiffs are given leave to file an Amended Complaint in accordance with this Order. For each separate count, plaintiffs must indicate which individual plaintiff is seeking relief. Additionally, Mr. and Mrs. Piphus may not represent the minor Pxx *pro se* and should seek counsel to proceed with claims on behalf of Pxx. The Court also dismisses the Chicago Police Department, Mayor Emanuel, and Superintendent McCarthy and substitutes the City of Chicago as the appropriate municipal defendant. All references to the *First, Fifth,* and *Eighth Amendments* are stricken. Counts II and IV are dismissed without prejudice and plaintiffs may replead those claims in accordance with this Order. Counts III, VII, VIII, IX, and X are dismissed with prejudice. Defendants' Motion is denied as to Counts I, V and VI. Plaintiffs have filed a motion requesting extended time to file any necessary pleadings in response to this Court's Order [34]. This Court will grant plaintiffs 90 days to October 24, 2013, to seek assistance of counsel for any claims to be brought on behalf of Pxx and file an amended complaint. Status hearing is set for October 25, 2013, at 9:00 a.m.

IT IS SO ORDERED.

Date: August 1, 2013

Entered: _____
Sharon Johnson Coleman
United States District Judge